IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY L. EDWARDS, ALAN M. HILDRETH,<br><br>    Plaintiffs,<br><br>  v.<br><br>DEPARTMENT OF STATE HOSPITALS – COALINGA, PAMELA AHLIN, DAVID MONTOYA, ANDREW BERARD and ROBERT OLIVEIRA,<br><br>    Defendants. | 1:13 - cv - 0105 AWI MJS<br><br>ORDER VACATING HEARING DATE OF APRIL 8, 2013, AND TAKING MATTER UNDER SUBMISSION.<br><br>RELATED ORDERS<br><br>Resolves Docket Nos. 6, 17, 20 and 25 |

    In this action for damages and injunctive relief, defendants Department of State Hospitals – Coalinga, et al. ("Defendants"), have moved to dismiss the complaint of plaintiffs Larry L. Edwards and Alan M. Hildreth ("Plaintiffs").  The matter was scheduled for oral argument to be held April 8, 2013, at 1:30 p.m..  The Court has reviewed Defendants' Motion, Plaintiffs' opposition, the accompanying documents, and the applicable law, and has determined that the Motion is suitable for decision without oral argument.  Local Rule 78-230(h).

    Therefore, IT IS HEREBY ORDERED that the previously set hearing date of April 8, 2013, is VACATED, and no party shall appear at that time.  As of April 8, 2013, the Court will take the matter under submission, and will thereafter issue its decision.

The court has also examined the Docket Report in this action and notes that there are a number of filings by Plaintiffs that are awaiting court action. The first of these is a "Request for Preliminary Injunction" filed on February 12, 2013, apparently requesting the court place Plaintiffs on paid administrative leave pending the resolution of their action. While Plaintiffs allege they are experiencing stress and anxiety as a result of these proceedings, they have failed to show irreparable damage as a result of the continuation of the status quo, a reasonable likelihood that they will succeed in their claims against Defendants or that the relief they seek – paid administrative leave – is within the power of the court to grant. See International Jensen, Inc. v. Metrosound U.S.A., Inc., 4 F.3d 819, 822 (9th Cir.1993) ( an injunction may be had if the court determines that (1) the moving party will suffer irreparable injury if the relief is denied; (2) there is a strong likelihood that the moving party will prevail on the merits at trial; (3) the balance of harms favors issuance of injunctive relief). Because Plaintiffs have failed to allege a sufficient basis for injunctive relief, the Request for Preliminary Injunction will be denied.

The second and third items on the Docket Report requiring the court's attention were filed by Plaintiff's on March 13, 2013, and on March 29, 20013, respectively. These two filings at Docket Numbers 17 and 25 are basically requests for entry of default. The court notes that pursuant to the Clerk's Docket number 8, the Defendants in this action were served summons and complaint on February 8, 2013, and that answers were due not later than March 1, 2013. Since Defendants responded to Plaintiff's issuance of summons and complaint by filing their motion to Dismiss on March 1, 2013, Plaintiffs are not entitled to the entry of default. Any pending requests for same are therefore denied.

THEREFORE, it is hereby ordered that Plaintiffs' motion for Temporary Injunction, Docket Number 6, and requests for entry of default, Docket Nos. 17 and 25, are each hereby DENIED.

/ / /

/ / /

The motion to quash service of summons and complaint by Defendant Montoya, Docket No. 20, is hereby taken under submission.

IT IS SO ORDERED.

Dated:     April 2, 2013                                    _____
                                                                                       SENIOR  DISTRICT  JUDGE