IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY L. EDWARDS, ALAN M. HILDRETH, <br><br>          Plaintiffs, <br><br>     v. <br><br> DEPARTMENT OF STATE HOSPITALS – COALINGA, PAMELA AHLIN, DAVID MONTOYA, ANDREW BERARD and ROBERT OLIVEIRA, <br><br>          Defendants. | 1:13 - cv - 0105 AWI MJS <br><br> ORDER VACATING HEARING DATE OF MAY 20, 2013, GRANTING MOTION TO DISMISS AND DIRECTING PLAINTIFFS TO FILE AMENDED COMPLAINT AND RELATED ORDERS <br><br> Resolves Docket Nos. 20, 29, 31, 32, 38 and 42 |

In this action for damages and injunctive relief, on March 1, 2013 defendants Department of State Hospitals – Coalinga, et al. ("Defendants"), moved to dismiss the complaint of plaintiffs Larry L. Edwards and Alan M. Hildreth ("Plaintiffs"), or in the alternative to strike for a more definite statement. That matter was taken under submission as of April 3, 2013, and a number of motions that had been filed by Plaintiffs in the interim, including motions for temporary injunction, default and default judgment were denied. As of this writing, Defendants' motion to dismiss is pending decision. On April 18, 2013, Plaintiffs filed a motion for summary judgment. On April 26, 2013, Defendants filed a motion to strike the motion for summary judgment as untimely filed. Plaintiffs filed a motion to add evidentiary material to their motion for summary judgment on May 8, 2013. The court

1  notes no answer has been filed in this action to this point.

2  The court has reviewed Plaintiffs' complaint and finds that it is fundamentally
3  deficient.  Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that a complaint set
4  forth "a short an plain statement to the claim *showing that the pleader is entitled to relief*."
5  Id. (italics added). .  Detailed factual allegations are not required, but "[t]hreadbare recitals of
6  the elements of a cause of action, supported by mere conclusory statements, do not suffice."
7  Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550
8  U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)).  Plaintiffs must set forth "sufficient *factual*
9  matter, accepted as true, to 'state a claim that is plausible on its face.'"  Iqbal, 129 S.Ct. at
10 1949 (quoting Twombly, 550 U.S. at 555) (italics added).  While factual allegations are
11 accepted as true, legal conclusion are not.  Id. at 1949.

12 The sum and substance of Plaintiffs' complaint consists of a series of allegations
13 including "racial discrimination, intimidation, threats, negative evaluations, harassment,
14 write-ups, conspiracy/collusion, illegal practices, gross negligence, tort of outrage and
15 intentional emotional distress."  Doc. # 1 at 2:9-11.  Not a single fact is evident anywhere in
16 the complaint.  The court is aware that Plaintiffs are self-represented, but the simple
17 recitation of a series of simple claim headings does not provide the opposing party with the
18 required opportunity to respond.  In lay terms, what Plaintiffs must do to state a sufficient
19 claim for relief is to clearly write down the *legal basis* for relief (such as discrimination) and
20 then set forth in plain language a brief description of *facts* (things that actually happened)
21 that, if found true, would prove that claim.  This process of (1) stating the legal basis for
22 relief, (2) determining what elements are required to state the claim, and then (3) briefly
23 setting forth the actual facts that prove those elements must be repeated for each claim
24 Plaintiffs wish to make.  The facts supporting the each claim are to be written down in the
25 complaint, not scattered in a number of affidavits or other documents attached to the
26 complaint.

27 Because Plaintiffs' original complaint contains no facts at all, it will be dismissed in
28 its entirety pursuant to Rules 8(a) and 12(b)(6) of the Federal Rules of Civil Procedure.

1   Because the complaint will be dismissed, all motions relating to the complaint, including all
2   motions related to Plaintiffs' motion for summary judgment, will be denied as moot.
3   Plaintiffs are entitled to leave to amend.  Ths is essentially a do-over.  In the order that
4   follows Plaintiffs will be given four weeks to file *and properly serve* a "First Amended
5   Complaint."  If the amended complaint is not filed within that period of time, or an extension
6   is not requested *before* the time expires; Plaintiffs' action will be dismissed with prejudice.

8   THEREFORE, pursuant to the foregoing, it is hereby ORDERED that Defendants'
9   motion to dismiss (Doc. # 15) is hereby GRANTED.  Plaintiffs' complaint (Doc. # 1) is
10  hereby DISMISSED in its entirety as to all Defendants.  Leave to amend is GRANTED.  Any
11  amended complaint shall be filed and served not later than twenty-eight (28) days from the
12  date of service of this order.  All other outstanding or pending motions are hereby DENIED
13  as moot. Doc. #'s 20, 29, 31, 32, 38 and 42.  The hearing previously scheduled for May 20,
14  2013, is VACATED and no party shall appear at that time.
15  IT IS SO ORDERED.

Dated:   May 16, 2013

SENIOR DISTRICT JUDGE