1

2

3

4

5

6                    IN THE UNITED STATES DISTRICT COURT

7                    FOR THE EASTERN DISTRICT OF CALIFORNIA

8

| | |
|---|---|
| 9  LARRY L. EDWARDS, ALAN M. HILDRETH, | 1:13 – cv – 0105 AWI MJS |
| 10 | |
| Plaintiffs, | |
| 11 | MEMORANDUM OPINION AND ORDER ON DEFENDANTS' MOTION TO DISMISS OR STRIKE PLAINTIFFS' FIRST AMENDED COMPLAINT |
| 12  vs. | |
| 13  DEPARTMENT OF STATE HOSPITAL (DSH) – COALINGA (FORMERLY DEPARTMENT OF MENTAL HEALTH (DMH) – COALINGA, PAMELA AHLIN, DAVID MONTOYA, ANDREW BERARD, RPBERT OLIVEIRA, | |
| 14 | |
| 15 | Doc. # 46 |
| 16 | |
| 17  Defendants. | |

18

19        This is an action for damages and injunctive relief by Plaintiffs Larry Edwards

20   ("Edwards") and Alan Hildreth ("Hildreth") (collectively, "Plaintiffs") against Department of

21   State Hospital – Coalinga ("Hospital") and various supervisory employees of Hospital

22   (collectively, "Defendants").  The currently-operative First Amended Complaint ("FAC")

23   alleges claims for relief for harassment and retaliation on the basis of race in violation of Title

24   VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e, et seq.  Currently before the court is

25   Defendants" motion to dismiss or to strike portions of Plaintiffs" FAC pursuant to Federal Rules

26   of Civil Procedure 12(b)(1) and 12(b)(6).  Federal subject matter jurisdiction pursuant to 28

27   U.S.C. § 1331 is challenged by Defendants" motion.  Venue is proper in this court.

28

**FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

Plaintiffs are custodial officers at Defendant Hospital.  Plaintiff Edwards has been employed by Hospital since 2007 and has been a police sergeant since 2009; Defendant Hildreth has been a police officer employed by Hospital since 2005.  Both Plaintiffs are African-American males.  Plaintiffs" original complaint, filed on January 23, 2013, was dismissed by the court"s order of May 17, 2013, for failure to allege any factual basis for relief as required by Rule 8 of the Federal Rules of Civil Procedure.  Plaintiffs" FAC, filed on June 4, 2013, alleges the same claims for relief as were alleged in the original complaint but differs from the original complaint in some important respects.  First, and for purposes of this order most important, Plaintiffs" FAC differentiates the factual bases of the claims by Edwards and Hildreth.  While the FAC evinces some effort by Plaintiffs to allege facts to support their claims in the body of the FAC, the majority of facts alleged are scattered in approximately 200 pages of attached documents including email messages, declarations and other written documents.  By inspection, it appears the vast majority of the appended documents pertain to claims alleged by Edwards.  Of lesser importance, Plaintiffs" FAC does not include the EEOC Right to Sue letters that were attached to Plaintiffs" original complaint, and the FAC Proof of Service indicates that the only party served was Defendants" attorney.

On May 17, 2013, the court dismissed Plaintiffs" original complaint and provided brief instructions on what Rule 8(a)(2) of the Federal Rules of Civil Procedure requires in order to state a claim for relief.  In particular, the court noted that "[t]he facts supporting each claim are to be written down in the complaint, not scattered in a number of affidavits or other documents attached to the complaint."  Doc. # 43 at 2:24-26.  While the court"s Order of May 17 admonished Plaintiffs to properly file and serve and amended complaint, the order did not specify what constitutes proper service.

Defendants" Motion to Dismiss was filed on June 24, 2013.  Defendants assert a number of grounds for dismissal including failure to effectuate proper service of the complaint, the complaint improperly states claims against the individual Defendants, the complaint fails to

adequately identify wrongful acts taken by Hospital and the complaint fails to allege exhaustion of administrative remedies as required under Title VII.

## LEGAL STANDARD

A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure can be based on the failure to allege a cognizable legal theory or the failure to allege sufficient facts under a cognizable legal theory.  Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 533-34 (9th Cir.1984).  To withstand a motion to dismiss pursuant to Rule 12(b)(6), a complaint must set forth factual allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) ("Twombly").  While a court considering a motion to dismiss must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), and must construe the pleading in the light most favorable to the party opposing the motion, and resolve factual disputes in the pleader's favor, Jenkins v. McKeithen, 395 U.S. 411, 421, reh'g denied, 396 U.S. 869 (1969), the allegations must be factual in nature.  See Twombly, 550 U.S. at 555 ("a plaintiff's obligation to provide the ,,grounds" of his ,,entitlement to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do").  The pleading standard set by Rule 8 of the Federal Rules of Civil Procedure "does not require ,,detailed factual allegations," but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) ("Iqbal").

The Ninth Circuit follows the methodological approach set forth in Iqbal for the assessment of a plaintiff's complaint:

> "[A] court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth.  While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.  When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."

Moss v. U.S. Secret Service, 572 F.3d 962, 970 (9th Cir. 2009) (quoting Iqbal, 129 S.Ct. at 1950).

**DISCUSSION**

**I.  Failure to Properly Serve the FAC on Defendant Parties**

Rule 4 of the Federal Rules of Civil Procedure requires that a summons and complaint be directed to each of the defendant parties.  In the context of an amended pleading, the requirement is probably more technical than substantive since the defendant parties are already aware of the proceeding and may reasonably expect receipt of the amended pleading.  Nevertheless, Rule 4 entitles each defendant party separate service of the complaint regardless if the complaint is original or amended.  The court will dismiss Plaintiffs' FAC on more substantive grounds, but the court hereby admonishes Plaintiffs that any further amended summons and complaint must be served individually on each defendant party.

**II.  Failure to Adequately Plead Exhaustion of Administrative Remedies**

Defendants' contention that the court lacks subject matter jurisdiction over Plaintiffs' Title VII claims because Plaintiffs have failed to plead exhaustion of administrative remedies is also more of a technical than substantive deficiency.  Plaintiffs' original complaint appended DFEH right to sue letters for each of the two claims now asserted by each of the two Plaintiffs.  The failure of Plaintiffs to append the DFEH letters to the FAC, while technically improper, requires little discussion in this case because both the court and Defendants are on notice that administrative remedies were, in fact, exhausted and the FAC is going to be dismissed with leave to amend anyway.  Plaintiffs are hereby admonished that when the court dismisses a complaint with leave to amend, the amended complaint *is not an addition to* any complain that was previously filed, as common usage of the term "amend" might suggest.  Rather, any amended complaint is a *stand-alone* pleading that must contain all of the required elements of a complaint whether or not those elements were part of previous pleadings.  In other words, when an amended complaint is submitted, that is all the court considers; whatever may have been pled in previous complaints is disregarded.

1
2

### III.  Title VII Claims Against Individual Defendants

3        Defendants contend that Plaintiffs'' claim under Title VII against the individual
4   Defendants Ahlin, Berard, Montoya and Olivera cannot be sustained because Title VII does not
5   support individual liability for discrimination, harassment or retaliation.  While the issue of
6   individual liability under Title VII is not without disagreement, it appears settled that in the
7   Ninth Circuit that Title VII will not support individual liability for claims of discrimination or
8   retaliation.  Miller v. Maxwell''s Int''l Inc., 991 F.2d 583, 587-588 (9th Cir. 1993); see also
9   Reno,18 Cal.4th at 648-649 (collecting federal cases showing similarities between individual
10  liability under Title VII and FEHA, which does not support individual liability for discrimination
11  or retaliation).

12        Plaintiffs oppose Defendants motion to dismiss claims against the individual Defendants
13  by contending that "the Plaintiffs have shown the Vicarious Liability by this Administration.
14  Pamela Ahlin and David Montoya who has [sic] condoned the Racial Discrimination and/or
15  Retaliation, when they failed to protect and stop these acts against the Plaintiff''s [sic]."  Doc. #
16  48 at 2:25-28.  Vicarious liability, however works the opposite to what Plaintiffs appear to
17  believe.  Generally, vicarious liability passes liability for the acts of employee *up* the
18  organizational structure to the entity itself.  Since the only party against whom damages may be
19  sought under Title VII is the entity itself, the invocation of vicarious liability does not extend
20  liability downwards to individual employees.

21        The court finds Defendants contention that liability under Title VII is limited to entities
22  and does not extend to individual employees is correct.  Plaintiffs may not assert liability against
23  the individual employees under Title VII.  Plaintiffs'' claims against the individual Defendants
24  will therefore be dismissed with prejudice.

### IV.  Failure to Allege Facts With Sufficient Specificity

25        Defendants contend Plaintiffs have failed to allege facts that are sufficiently specific to
26  provide notice to Defendants of the basis for the claims against Defendants.  In its May 15 order,
27  the court summarily dismissed Plaintiffs'' original complaint because of a complete lack of facts
28

to support claims that were themselves not clear.  Plaintiffs'' FAC evinces some effort to correct the noted deficiency, but not enough.  As noted above, Plaintiffs'' FAC is still largely, although not completely, an assemblage of conclusory allegations and about 200 pages of copies of documents that purport to show that Plaintiffs were subjected to discriminatory conduct.  Based on the court's reading of the FAC, Plaintiffs are alleging a sequence of events that begin with racially harassing statements and what Plaintiff Edwards alleges was discriminatory scheduling to which the Plaintiffs object.  Plaintiffs'' objections to the harassing conduct of Defendants was allegedly followed by retaliation.  In the discussion that follows, the court will briefly describe the elements of claims for discrimination, harassment and retaliation under Title VII, and will briefly discuss why Plaintiffs'' FAC fails to state any cognizable claims.

**A.  Discrimination**

Section 703(a)(1) of Title VII provides that it is "an unlawful employment practice" for an employer to "discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race."  42 U.S.C. § 2000e-2(a)(1).  "At the motion to dismiss stage, [the plaintiff] need not support [his] allegations with evidence, but must allege sufficient *facts* to state the elements of a [. . .] [Title VII] claim." Johnson v. Riverside Healthcare System, LP, 534 F.3d 1116, 1122 (9th Cir. 2008) (italics added).  A plaintiff seeking to state a claim under Title VII is ultimately burdened to prove by a preponderance of the evidence that the defendant intentionally discriminated against the plaintiff on impermissible grounds – race or ethnicity.  Texas Dep't of Community Affairs v. Burdine, 450 U.S. 248, 253 (1981).  Where, as often is the case, direct proof of discriminatory intent is not possible, the plaintiff must show that she suffered adverse employment action "under circumstances which give rise to an inference of unlawful discrimination."  Id.  For purposes of this action, the court may infer discrimination if Plaintiffs allege facts to show that they were treated differently based on their race (disparate treatment) or they were subjected to racial harassment.

1

2

### 1.   *Disparate Treatment*

Disparate treatment is a theory of liability under Title VII that is applicable where direct evidence if discriminatory intent is lacking.  The elements of a prima facie claim for disparate treatment under Title VII are (1) membership of the plaintiff in a protected class; (2) satisfaction by the plaintiff of the qualifications for the position in issue; (3) an adverse employee action; and (4) more favorable treatment of similarly situated individuals outside the plaintiff"s protected class.  See Davis v. Team Elec. Co., 520 F.3d 1080, 1089 (9th Cir. 2008).  Plaintiff Edwards alleges he was subject to disparate treatment in scheduling because his lieutenant wanted to provide more favorable scheduling for his son, who also happened to be a sergeant.  Edwards" claim for disparate treatment fails because his own pleading provides a non-racial motive for the scheduling treatment – nepotism – and because there are no allegations that other non-African American officers were not subject to alterations of their schedule in order to accommodate the scheduling needs of the Lieutenant"s son.

So far as the court can tell, Plaintiff Hildreth has pled no facts to suggest disparate treatment.

### 2.   *Racial Harassment*

The terms "hostile work environment" and "harassment" are used interchangeably in that the elements of a claim under either label are the same.  The elements are (1) the plaintiff ",was subjected to verbal or physical conduct" because of her race, (2) ,the conduct was unwelcome," and (3) ,the conduct was sufficiently severe or pervasive to alter the conditions of [the plaintiff"s] employment and create and abusive work environment." [Citation.]"  Manatt v. Bank of America, 339 F.3d 792, 797 (9th Cir. 2003). at 797 (reciting elements for hostile work environment claim and quoting Kang v. U. Lim Am., Inc., 296 F.3d 810, 817 (9th Cir. 202)); Martinez v. Marin Sanitary Services, 349 F.Supp.2d 1234, 1251 (N.D. Cal. 2004) (reciting same elements for claim of racial harassment).  Here, Plaintiffs have pled facts sufficient to satisfy only the second element.  Based on the facts alleged, there is no evidence that the race-based comments they were subjected to were directed particularly at Plaintiffs because of their race or

that the comments, however tasteless, were so severe or pervasive as to create an abusive work environment.  In reviewing the attachments to Plaintiffs" FAC there are some comments that employ the word "Nazi" which is not a word that conveys particular animus toward African-Americans, and offhand remarks about sheets, burning crosses and the Ku Klux Klan.  Those comments, while likely insulting, are not alleged to have been so pervasive or numerous to constitute an abusive work environment.

As the court has previously stated, it is not up to the reader of a complaint, whether the court or the opposing party, to sift through pages of evidence to find instances of what the plaintiffs summarily allege in their complaint.  It is up to the plaintiffs to allege in the body of the complaint what conduct by the defendant party or parties was unlawful and then to bring those facts into the legal framework of a claim for relief to show how the plaintiff is entitled to relief.  With regard to their claim for discrimination under Title VII, Plaintiffs have failed to allege facts with sufficient specificity to show they are entitled to relief.

### B.   Retaliation

To state a claim for retaliation under Title VII, a plaintiff "must establish that; (1) [he] engaged in a protected activity, such as the filing of a complaint alleging racial discrimination, (2) the [defendant] subjected her to an adverse employment action, and (3) a causal link exists between the protected activity and the adverse action."  Manatt, 339 F.3d at 800 (internal citations and footnotes omitted).  "Title VII"s statutory „opposition clause" prohibits an employer from retaliating against an applicant or employee „because he has opposed any practice made an unlawful employment practice,'" such as discrimination based on race, sex, religion, sex, or national origin.  EEOC v. Luce, Forward, Hamilton & Scripps, 303 F.3d 994, 1005 (9 Cir. 2002) (citing 42 U.S.C. § 20000e-3(a)); see, e.g., Passantino v. Johnson & Johnson Consumer Prods., 212 F.3d 493, 506 (9th Cir. 2002) ("Title VII allows employees to freely report actions that they reasonably believe are discriminatory, even if those actions are in fact lawful.").  "Protected activity includes the filing of a charge or a complaint, or providing testimony regarding an employer"s alleged unlawful practices, as well as engaging in other

activity intended to „oppose[]" an employer"s discriminatory practices." Raad v. Fairbanks North Star Borough School Dist., 323 F.3d [1185, 1197 (9th Cir. 2003)] (brackets in original).

Plaintiffs adequately allege participation in protected activity – their opposition to what they perceived as discriminatory conduct.  The problem is that it is not clear from the pleadings what adverse employment action was taken.  Plaintiff Edwards submits a statement that his employment record prior to the filing of his objections to racially inappropriate conduct was devoid of any negative comments or reviews.  The court cannot find evidence that following Plaintiffs" objections or EEOC complaint either of Plaintiffs" employment files contained any negative comments or otherwise reflected adverse employment actions.  Again, Plaintiffs are burdened to state in the complaint itself precisely what negative employment actions were taken against them and how those actions are causally linked to the Plaintiffs" protected activities.

## V.  Improper Joinder

Defendants do not allege any problems with joinder of the plaintiff parties in this case, but Plaintiffs" FAC provides an indication that the facts applicable to Edwards and to Hildreth are sufficiently differentiated to cause the court to be concerned that Plaintiff Hildreth has been improperly joined in this action.  Under Federal Rule of Civil Procedure 20(a), permissive joinder of plaintiffs "is proper if (1) the plaintiffs assert[ ] a right to relief arising out of the same transaction and occurrence and (2) some question of law or fact common to all the plaintiffs will arise in the action." Coleman v. Quaker Oats Co., 232 F.3d 1271, 1296 (9th Cir.2000) (citing Fed.R.Civ.P. 20(a)) (emphasis omitted).  Further, "[e]ven once these requirements are met, a district court must examine whether permissive joinder would „comport with the principles of fundamental fairness' or would result in prejudice to either side." Id. (quoting Desert Empire Bank v. Ins. Co. of N. Am., 623 F.2d 1371, 1375 (9th Cir.1980)).

While it cannot be conclusively held that the claims of Edwards and Hildreth do not arise out of the same transaction or occurrence because of the factual insufficiency of the FAC, it now appears likely that the factual bases of the two claims may well be quite distinct.  If this is the case, the joinder of Hildreth to Edwards claims for relief is inappropriate.  The court will make

no determination at this point whether severance of Hildreth from Edwards''s action is necessary. But Plaintiffs are admonished that they will need to allege facts in any amended complaint to show that each of their claims arises out of the same transactions or occurrences.  In short, it is not sufficient that Edwards and Hildreth both experienced discrimination and/or retaliation while employed at Hospital; they must both have experienced discrimination or retaliation as a result of the same transactions or occurrences.

THEREFORE, for the reasons discussed above, it is hereby ORDERED that:

1.  Defendants'' motion to dismiss Plaintiffs'' FAC as to the Individual Defendants is hereby GRANTED.  Individual Defendants Ahlin, Montoya, Berard and Olivera are hereby DISMISSED with prejudice.
2.  Defendants'' motion to dismiss as to Hospital is hereby GRANTED.  Plaintiffs'' FAC is hereby DISMISSED as to Hospital without prejudice.
3.  Any further amended complaint must be filed and served no later than twenty-eight (28) days from the date of service of this order.

IT IS SO ORDERED.

Dated:   December 9, 2013          _____

SENIOR  DISTRICT  JUDGE